

GERALD C. MANN
XXX.XXXXXXX
ATTORNEY GENERAL

# THE ATTORNEY GENERAL

## OF TEXAS

### Austin, Texas

March 22, 1939

Hon. L. R. Buchanan, Jr.
County Attorney
Val Verde County
Del Rio, Texas

Opinion No. O-424
Re: Procedure to be followed by
County Clerk as relates to
commitment under Article
927, C. C. P.

Dear Sir:

With further reference to your letter of February 27, 1939, we wish to advise that we have considered your request for an opinion based on the following paragraphs of your letter:

"A defendant under indictment for felony interposed insanity as a defense. He was tried on that issue alone and found to be insane at the time of trial and at the time the alleged offense occurred.

"The district judge ordered the defendant committed to the custody of the sheriff for further order of the county judge. By order of the county judge, the county clerk issued a commitment to the sheriff and the defendant was removed to the State Hospital for treatment. The commitment has been returned to the county clerk."

You desire to know the procedure to follow with reference to the commitment in question:

"Art. 926. To commit insane defendant —
If a defendant is found to be insane, the court shall make and have entered upon the minutes an order committing the defendant to the custody of the sheriff, to be kept subject to the further order of the county judge of the county.

"Art. 927. Confined in asylum —
When a defendant has been committed, as provided in the preceding article, the proceedings shall forthwith be certified to the county judge, who shall at once take the necessary steps to have the defendant confined in the lunatic asylum until he becomes sane."

In answering your question as to the procedure to be followed by the county clerk in such cases where the defendant is adjudged insane before trial, the statutes do not appear to outline any procedure with reference to the commitment after same has been returned. The statutes not being clearer on the point raised, we suggest to you the customary procedure which has been followed by many counties, to our knowledge, and that is to give the cause a number and place in the probate minutes of the county court as accorded lunacy judgments. The commitment itself, being a process issued out of the county court and returnable to such court should remain in custody of the county clerk.

It is, therefore, the opinion of this Department that where these statutes do not specifically outline the procedure to be followed by the county clerk on the return of a commitment under Article 927, Vernon's Annotated Code of Criminal Procedure, 1925, such commitment of a defendant, adjudged insane before trial on indictment, should remain in custody of the county clerk, be assigned a number and given a place in the minutes of the probate court as accorded judgments in lunacy hearings.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By    /s/ Wm. J. R. King

Wm. J. R. King, Assistant

APPROVED:

/s/ W. F. Moore

FIRST ASSISTANT ATTORNEY
GENERAL OF TEXAS

WmKtAW: wb